IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NICHOLAS D'ANDRE THOMAS,**

    **Plaintiff,**

    v.                                              CASE NO. 22-3143-SAC

**RYAN HAYDEN,**

    **Defendant.**

## O R D E R

Plaintiff, Nicholas D'Andre Thomas, who is currently detained at the Shawnee County Jail in Topeka, Kansas, brings this *pro se* civil rights case. Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 2).

Plaintiff alleges in his Complaint that the defendant, a detective with the Topeka Police Department, violated assorted state and federal statutes, as well as the U.S. Constitution, in conjunction with a state criminal prosecution, which appears to remain pending.

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id.*

---

[1] Prior to filing the instant complaint on July 15, 2022, the Court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See Thomas v. Hayden,* Case No. 22-cv-3099-SAC, Doc. 7 (D. Kan. June 29, 2022); *Thomas v. Hayden*, Case No. 22-cv-3038-SAC, Doc. 8 (D. Kan. April 15, 2022); *Thomas v. Lee*, 22-cv-3033-SAC, Doc. 4 (D. Kan. Feb. 24, 2022).

1

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed *in forma pauperis* in this civil action. Plaintiff is given time to pay the full $402.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

The Court further notes that, as Plaintiff has been repeatedly informed by this Court in other actions, the Court must not intervene in ongoing state criminal proceedings unless there is "great and immediate" danger of "irreparable injury." *See Younger v. Harris*, 401 U.S. 37, 47 (1971). Therefore, even if Plaintiff were to pay the full filing fee, this action appears to be subject to dismissal.

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **August 19, 2022,** to submit the $402.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated July 19, 2022, in Topeka, Kansas.**


<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**